UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE,
*Subscriber Assigned IP Address 108.45.35.78*,

    Defendant.

Civil Action No. TDC-15-3185

**MEMORANDUM ORDER**

On October 20, 2015, Plaintiff Malibu Media, LLC filed this action against Defendant John Doe for copyright infringement. ECF No. 1. Malibu Media alleges that Doe copied and distributed Malibu Media's copyrighted pornographic movies over the BitTorrent file distribution network without authorization. Malibu Media initially identified Doe only by an Internet Protocol address ("IP address"). With leave of the Court, Malibu Media subpoenaed records from the internet service provider associated with the IP address in question in order to identify Doe as the account subscriber for that IP address. Pending before the Court is Doe's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. ECF No. 19. For the following reasons, the Motion is denied.

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint

as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Doe argues that the copyright infringement claim against him, based on his status as the account subscriber of the IP address at issue, is too speculative because multiple individuals can share the same IP address. He contends that there is a significant risk of misidentification since the account subscriber may not necessarily be the infringer. Doe further notes that the Complaint does not offer proof that the files identified by Malibu Media existed on his computer, that it was running the BitTorrent system at the time of the alleged infringement, or that he engaged in any volitional conduct in support of the alleged infringement. Doe also asserts that the Complaint was not brought in good faith.

Doe's argument misconstrues the role of pleadings. The purpose of the complaint is to provide only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At the pleading stage, the aim is not probability or conclusiveness, but plausibility. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). The Complaint asserts that the copyright infringement claim is supported by the fact that Malibu Media's investigator was able to connect to Doe's IP address and download "one or more bits of" digital media files containing cryptographic data linking them to sixteen of Malibu Media's copyrighted works, for which there had been no authorization to download, copy, or distribute. Compl. ¶¶ 18-25. The investigator downloaded from the BitTorrent file distribution network a full copy of each corresponding digital media file and verified that it contained a copy of an actual copyrighted Malibu Media movie. Construing the

Complaint's allegations in the light most favorable to Malibu Media, they support a plausible inference that Doe, the subscriber of the IP address, engaged in the volitional act of copying the full movies to his computer without authorization.

Because these allegations establish "more than a sheer possibility," *Iqbal*, 556 U.S. at 678, that Doe has acted unlawfully, the Complaint states a plausible claim for relief on its face. "To require Malibu to prove that the subscriber more likely than not is the infringer—that is, to meet its ultimate burden of proof—at the pleading stage would turn the civil litigation process on its head." *Malibu Media, LLC v. Doe*, No. PWG–13–365, 2014 WL 7188822, at *5 (Dec. 16, 2014). Many courts, including in this District, have taken this view and denied similar motions to dismiss complaints filed by Malibu Media or other pornographic movie producers in comparable cases. *See, e.g., id.* at *10; *Malibu Media, LLC v. Doe*, No. WDQ-14-748, 2015 WL 857408, at *3-4 (D. Md. Feb. 26, 2015); *Malibu Media, LLC v. Doe*, No. MJG-14-0747, 2014 WL 7190812, at *1-2 (D. Md. Dec. 16, 2014); *see also Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013) ("[E]very court to have addressed this issue has found a sufficiently alleged copyright infringement claim based on BitTorrent technology, even when the defendant was merely identified with an IP address.").

Doe also contends that Malibu Media's allegations are likely improper under Federal Rule of Civil Procedure 11, which requires that "factual contentions have evidentiary support" and that allegations not be offered for "any improper purpose." Fed. R. Civ. P. 11(b). Having determined that Malibu Media has stated a plausible copyright infringement claim against Doe, this Court finds no basis for concluding that Malibu Media violated Rule 11. *See Malibu Media, LLC v. Doe*, No. MJG-13-353, 2015 WL 1736526, at *2 (D. Md. Apr. 15, 2015) (rejecting the defendant's argument that Malibu Media violated Rule 11); *cf. Brubaker v. City of Richmond*,

943 F.2d 1363, 1373 (4th Cir. 1991) (stating that Rule 11 is violated where the "complaint has 'absolutely no chance of success under the existing precedent'" (quoting *Cleveland Demolition Co. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir. 1987))).

For the foregoing reasons, the Court finds that Malibu Media has alleged sufficient facts to state a plausible claim for relief. Accordingly, it is hereby ORDERED that the Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, ECF No. 19, is DENIED.

Date: September 12, 2016

THEODORE D. CHUANG
United States District Judge